**Julianne SHEPARD, Petitioner, Respondent,**

v.

**Michael SHEPARD, Appellant.**

**No. C7–83–1418.**

Court of Appeals of Minnesota.

June 19, 1984.

Michael R. Ruffenach, Treuer & Ruffenach, Bemidji, for respondent.

George L. Duranske, III, Duranske Law Offices, Bemidji, for appellant.

Heard, considered and decided by POPOVICH, C.J., and FORSBERG and RANDALL, JJ.

## OPINION

POPOVICH, Chief Judge.

This is an appeal relating to child custody and visitation. Based upon the affidavits of the parties and others and the letter briefs of counsel, the trial court found the father in contempt, ordered him to post a $5,000 bond as a condition to exercising his summer 1983 visitation, reduced his right to summer visitation by three weeks, and denied his request for joint custody. We affirm in part and reverse in part.

## FACTS

Julianne and Michael Shepard were divorced in King County, Washington on September 14, 1978. Julianne was awarded custody of their minor child, Heidi, who was then four years old, and moved to Minnesota. Michael was granted visitation "at the convenience of the parties." In November, 1982, following a dispute over Heidi's return after spending the summer with her father, the parties stipulated that Michael was entitled to visitation each summer beginning on the second Sunday in June and ending one week prior to the beginning of the school year and that Michael was responsible for the costs of Heidi's transportation to and from Washington.

In June, 1983, Michael asked Julianne if Heidi could begin her summer visit one week early and return to Minnesota one week earlier in August. Michael wanted Heidi to ride to Washington with his parents who were driving. Julianne refused. Michael then requested that Heidi ride to Washington with her 18 year old male cousin. Julianne refused again. Michael alleges he then offered to drive back to Minnesota and pick up Heidi but Julianne refused. Julianne asserts that when Michael offered to pick Heidi up himself, he threatened to never allow Heidi to return to Minnesota.

Michael sought to have Julianne held in contempt for denying visitation, moved for joint custody and payment by Julianne of one-half of Heidi's transportation costs.

Julianne wants Michael held in contempt for his failure to return Heidi on time in August, 1982, for threatening he would not return Heidi at the end of her 1983 summer visitation, and for failure to make timely child support payments. At the hearing, the parties agreed to allow Heidi to return to Washington with her father for the 1983 summer visitation.

The trial court found Michael in contempt but not Julianne and denied the relief Michael requested. The court also ordered Michael post a $5,000 bond as a condition to exercise of his summer visitation right, subject to forfeiture if Julianne filed an affidavit that Michael failed to comply with the visitation order. The court also reduced Michael's right of visitation by three weeks, ordering that visitation begin no earlier than the fourth Sunday in June each year and end two weeks prior to the beginning of school.

## ISSUES

1. Should the appeal be dismissed for appellant's failure to file notice of intent pursuant to Rule 110.04, Rules of Civil Appellate Procedure?

2. Is the order an appealable order?

3. Did the trial court err by requiring a $5,000 bond as a precondition to visitation, shortening summer visitation by three weeks, denying a custody change and ordering the father bear the entire cost of transporting the child to and from the father's home?

## ANALYSIS

1. Appellant filed his appeal on September 23, 1983. His statement of the case, pursuant to Rule 133.03 of the Minnesota Rules of Civil Appellate Procedure, stated no transcript was needed. It did not, however, contain any notice of intent to proceed by an agreed statement of the record, as required by Rule 110.02, subd. 1(b). No such notice was ever filed but an agreed statement, in the form required by Rule 110.04 signed by the trial judge, the respondent, and the appellant, was filed on

January 6, 1984. The respondent now alleges that failure to file notice of intent to proceed by an agreed statement warrants dismissal.

Regardless whether such failure would, if timely asserted, be cause for dismissal, respondent has waived her right to object. Respondent made no motion for dismissal and, in fact, signed the agreed statement of the record which was submitted after it was evident no timely notice had been filed.

 2. Rule 103.03(e) of the Minnesota Rules of Civil Appellate Procedure provides an appeal may be taken "from an order which, in effect, determines the action and prevents a judgment from which an appeal might be taken." The appealed order found appellant in contempt and modified the terms of a visitation stipulation previously agreed to by the parties.

> [A] contempt order ... is a nonappealable order. It is not a final order.... It is a conditional order directing punishment only if defendant fails to purge himself of his contempt.

*Becker v. Becker*, 300 Minn. 512, 513, 217 N.W.2d 849, 850 (1974) (citations omitted).

The parts of this appeal challenging the trial court's order which found appellant in contempt and set the conditions for purging the contempt must therefore be dismissed. However, those portions of the order modifying appellant's visitation rights and denying appellant's motion for joint custody are not appealable either since no judgment was entered. But because of the posture of this case now and in the interests of judicial economy we granted discretionary review on these issues. *See Kirby v. Kirby*, 348 N.W.2d 392 at 393 (Minn.Ct.App.1984).

3. *Bond requirement.*

 The trial court ordered appellant post a $5,000 forfeitable bond before exercising his right of visitation. Forfeiture would result upon respondent filing an affidavit stating appellant had violated the terms of the visitation order. The consequence of appellant's failure to file the bond is the denial of visitation.

Minn.Stat. § 518.175, subd. 5 (1982) provides a court "shall not restrict a parent's visitation rights unless it finds that the visitation is likely to endanger the child's physical or emotional health or impair his emotional development." The statute also provides that the court "may restrict a parent's visitation rights if necessary to protect the custodial parent from harm." *Id.*

The trial court found appellant threatened to keep the child after summer visitation and failed to return the child on time at the end of 1982 summer visitation. The bond was required to ensure compliance with the visitation order and to ensure the respondent would not have to bear the travel costs to Washington to get Heidi if appellant decided to keep her there. The effect of the bond requirement, however, is to restrict appellant's right of visitation without the requisite statutory finding of danger to the child's physical or emotional health or emotional development, or any finding of possible harm to the custodial parent.

The trial court found the appellant threatened to keep Heidi in Washington. This finding was based on conflicting affidavits of the parties. The appellant denied making any such threat. The Minnesota Supreme Court has stated that "[w]here the critical evidence is documentary, there is no need for us to defer to the trial court's assessment of its meaning." *Ploog v. Ogilvie*, 309 N.W.2d 49, 53 (Minn.1981) (citing *In re Trust Known as Great Northern Iron Ore Properties*, 308 Minn. 221, 243 N.W.2d 302 (1976)); *Halper v. Halper*, 348 N.W.2d 360 at 363 (Minn.Ct.App.1984).

We have reviewed the entire record and are not convinced that any threat made by appellant to keep Heidi after the summer, real or perceived, was in earnest. Appellant has, since the parties' divorce in 1978, been fairly regular in paying child support. His failure to return Heidi on time in 1982 was not an attempt to keep her indefinitely, but a disagreement over visitation terms. Appellant has a stable life in Washington,

has remarried, owns his own business, and, at the time of the hearing, was in the process of buying a home. These are not hallmarks of a parent likely to snatch his child from her mother and disappear.

The Minnesota Supreme Court upheld the trial court's order requiring a non-custodial father to post a bond before exercising visitation rights in *Tischendorf v. Tischendorf*, 321 N.W.2d 405 (Minn.1982). In that case, the indications that the father did not intend to return the child were slightly greater than the "threats" of the appellant here. The decisive factor in *Tischendorf*, however, was that the father lived in and was a citizen of Germany. The cost and legal complexity of retrieving a child from a foreign country rather than from another state justified the bond requirement there.

Absent findings of harm to the child or a genuine indication that appellant did not intend to return Heidi to Minnesota, the requirement that appellant post a bond before seeing his daughter was an impermissible restriction on appellant's visitation rights.

4. *Reduction in visitation:*

The parties had stipulated in November, 1982 that appellant would be entitled to visitation each summer from the second Sunday in June to one week prior to the beginning of the school year. The appealed order reduced visitation to the fourth Sunday in June until two weeks prior to the beginning of school. The court made no findings to support this reduction. The only evidence was the unsupported statement of the respondent in her affidavit that she

> believes the summer visitation presently set by order of this Court is not in the best interest of the minor child in that the child is deprived of the opportunity to have a summer vacation with [respondent and the child's stepsiblings]. Further, that [respondent] believes the minor child needs a minimum of two weeks

prior to the start of the school year to settle into the routine of family life with [respondent] and to be outfitted with clothes and supplies for school.

■ The discretion of the trial court in deciding questions relating to visitation is extensive. *Manthei v. Manthei*, 268 N.W.2d 45 (Minn.1978). The ultimate test in all disputes over visitation is, of course, the best interests of the child. Minn.Stat. § 518.175 (1982).

Minn.Stat. § 518.175, subd. 1 (1982) provides:

> ... the court shall, upon the request of the noncustodial parent, grant such rights of visitation as will enable the child and the noncustodial parent to maintain a child to parent relationship that will be in the best interests of the child ....

Minn.Stat. § 518.175, subd. 5 (1982) provides:

> The court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child, but the court shall not restrict a parent's visitation rights unless it finds that the visitation is likely to endanger the child's physical or emotional health or impair his emotional development.

■ The court made no finding that Heidi was adversely affected by her summers in Washington, nor did it find that a reduction in appellant's visitation rights would serve Heidi's best interest. The evidence does not indicate that reducing the time Heidi spends with her father is in her best interest. The intent of the statute is to allow a child to maintain a relationship with both parents. Reducing the time Heidi can spend with her father without reason is contrary to that intent.

5. *Denial of relief requested by appellant:*

■ The appellant requested the trial court grant joint custody of Heidi to the

parties instead of sole custody to respondent. He also requested that respondent be required to pay half the costs of transporting Heidi to and from Washington each summer. In custody proceedings, the burden is on the party opposing the current custody arrangements to demonstrate the necessity for change. *Auge v. Auge,* 334 N.W.2d 393, 397 (Minn.1983).

■ The appellant presented no compelling reasons to support a change either of custody or of the method of paying for Heidi's transportation. The court's refusal to grant appellant's requests for this relief was not an abuse of discretion.

### DECISION

Respondent waived any right for this appeal to be dismissed because of appellant's failure to file notice of intent to proceed pursuant to Rule 110.04 of the Minnesota Rules of Civil Appellate Procedure. Those portions of the lower court's order which modified the dissolution decree are not appealable under Rule 103.03 of the Minnesota Rules of Civil Appellate Procedure.

The trial court erred in restricting and reducing appellant's rights of visitation with his minor daughter without finding it was in the child's best interests, but the denial of joint custody and other relief requested by appellant was not an abuse of discretion.

Affirmed in part and reversed in part.