**D.A.H., petitioner, Respondent,**

v.

**G.A.H., Appellant.**

**Nos. C6–84–1811, C7–84–2093.**

Court of Appeals of Minnesota.

July 2, 1985.

Review Denied Sept. 19, 1985.

Paul K. Legler, Fargo, N.D., for respondent.

Douglas A. Christensen, Pearson & Christensen, Grand Forks, N.D., for appellant.

Heard, considered, and decided by LANSING, P.J., and LESLIE and NIERENGARTEN, JJ.

## OPINION

LANSING, Judge.

G.H. appeals from an order denying his motion to amend the parties' dissolution decree to allow him visitation with the parties' child. We affirm.

## FACTS

In February 1982, while the parties' dissolution proceedings were pending, the mother, D.H., obtained temporary custody of the parties' 1½-year-old daughter. Several months later, during weekend visitation, the father, G.H., took the child with him to Europe without the mother's permission and stayed for approximately one year. During that year the mother obtained a dissolution decree granting her permanent custody and denying the father any visitation rights.

In 1983 the father returned to Minnesota, and the child was returned to the mother. The father later moved to reopen and modify the provision in the dissolution decree which denied him visitation. After three hearings, the court denied his motion, based upon evidence that while the father was in Europe he had sexually molested the daughter. The court heard testimony by several experts and the parties themselves. The experts' testimony included out-of-court statements by the child regarding sexual abuse.

The father appealed from the amended judgment, which continued to deny him visitation and stated that modification would not be considered until the father had undergone intensive psychotherapy. The father alleges that the trial court erroneously considered the child's hearsay statements to experts. He also argues that the court abused its discretion by requiring him to

"successfully complete" intensive rehabilitation before it would consider any further requests for resumption of visitation.

## ISSUES

1. Were the child's statements to experts about sexual abuse inadmissible hearsay?

2. Did the trial court abuse its discretion by requiring the father to undergo intensive psychotherapy before the court would consider allowing visitation?

## ANALYSIS

### I

The father objects to the admission of a psychologist's testimony concerning statements the daughter made in a session with the psychologist using anatomically correct dolls and to the psychologist's testimony based upon an abuse counselor's report. That report contained statements by the daughter made in several sessions while playing with anatomically correct dolls. The father also objects to testimony by a pediatrician and an abuse center counselor of the daughter's out-of-court statements concerning sexual abuse. During the physical examination by the pediatrician, the child indicated that her daddy had touched her genitals, hurt her rectum, digitally penetrated her, hurt her in the mouth, stuck his tongue in her rectum, and ejaculated in her mouth. In one session with the counselor the child named the female doll with her name and the male doll "Daddy," unzipped the "Daddy" doll's pants, and began sucking on his penis, which she stated she had learned from her father. On another occasion the child indicated through the use of the dolls that she had rubbed her father's penis and gotten wet as a result.

The mother argues that the hearsay was admissible under Rule 803(4) of the Minnesota Rules of Evidence, which excludes from the definition of hearsay statements made for purposes of medical diagnosis or treatment. We do not address this argument because we find the disputed testimo-

ny admissible under Rule 803(24), which excepts from the hearsay rule:

> A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

Minn.R.Evid. 803(24).

■ This rule has been referred to as the "catch-all" exception· to the hearsay rule. 11 P. Thompson, Minnesota Practice: Evidence § 803.19, at 392 (1979). Despite this characterization, however, when evaluating testimony in the context of this rule, the court must still keep in mind "[t]he same careful balancing of probative value, trustworthiness, and necessity that formed the basis for the traditional common law exceptions to the hearsay rule." *Id.*

In *In re M.N.D. v. B.M.D.*, 356 N.W.2d 813 (Minn.Ct.App.1984), our court applied this rule in similar circumstances, holding that

> a child's hearsay statements may be admitted under this rule if they have "equivalent circumstantial guarantees of trustworthiness," * * * demonstrated by analyzing the time, content, and circumstances under which they were made * *. In addition, the court must determine that the statements (1) are offered as evidence of a material fact, (2) are more probative than other evidence reasonably available, and (3) are consistent with the general purposes of the rules and the interests of justice. Minn.R.Evid. 803(24).

*Id.* at 818.

This holding was supported by legislation effective shortly after the hearing in *M.N.D.* The court noted:

Our decision to allow hearsay under these circumstances is influenced by an amendment to Minn.Stat. § 595.02 (1982). That statute, as amended, provides that the out-of-court statements of children under the age of ten regarding any act of sexual contact or penetration not otherwise admissible by statute or rule of evidence are admissible. The trial court must determine, *inter alia*, that the time, content, and circumstances of the statement and the reliability of the person to whom it is made provide sufficient indicia of reliability. 1984 Minn.Laws ch. 588, § 4.

*Id.* Here, as in *M.N.D.*, the statute did not become effective until after the hearings, but again it influences our review. The father received copies of the reports in advance of the hearings, as required by Rule 803(24), and did not raise or dispute the issue of prior notice of the hearsay testimony. He argues that the statements are not reliable or trustworthy in view of the lack of opportunity to cross-examine the child.

■ We find there are "equivalent guarantees of trustworthiness" and that the disputed testimony comports with the other requirements of the rule. There can be no question that the child's statements concerned a "material issue." In addition, the child's statements were clearly more probative on the point for which they were offered than other evidence.

The reliability of the child's statements is circumstantially guaranteed by the fact that fabrication of such a story is very unlikely. Many of her statements were spontaneous, and they were consistent. Three experts—a medical doctor, a psychologist obtained by the mother, and a psychologist obtained by the father—believed that the child had not fabricated her story. *See Peterson v. Richfield Plaza, Inc.*, 252 Minn. 215, 225, 89 N.W.2d 712, 720 (1958) (possibility that a four-year-old child would fabricate the symptoms of a head injury was "extremely remote").

The record evidences other circumstantial guarantees that the child's statements

were trustworthy. The mother testified that the child was afraid of men when she came back from Europe, that she would grab at men's genital areas, and that she had nightmares. In addition, the experts who had examined the child concluded that she had been sexually abused. Expert testimony also indicated that the father had difficulty controlling his impulses, had a "history marked by problems with impulse control, both sexual and aggressive," had a "problematic lack of differentiation" between himself and the child, and engaged in masochistic and exhibitionist behavior. Further, the father admitted to a psychologist that he had pinched the child's nipples, and he showed the psychologist a photograph of himself and his daughter together in the nude.

■ Review of a court's decision to receive testimony is limited to determining whether there was a clear abuse of discretion or whether the ruling was arbitrary. *Kellett v. Wasnie*, 261 Minn. 440, 445, 112 N.W.2d 820, 824 (1962). We find that the court properly admitted the testimony in this instance.

## II

The court ruled that it would not consider modifying the father's visitation rights until he could demonstrate that he had "undergone intensive psychotherapy by competent experts in the field of intrafamilial abuse." The father argues that the court did not make sufficient factual findings and that the court's denial of visitation was an abuse of discretion.

Statutes governing a noncustodial parent's visitation rights provide in part:

Subdivision 1. In all proceedings for dissolution or legal separation, subsequent to the commencement of the proceeding and continuing thereafter during the minority of the child, the court shall, upon the request of the noncustodial parent, grant such rights of visitation as will enable the child and the noncustodial parent to maintain a child to parent relationship that will be in the best interests of the child. If the court finds, after a hearing, that visitation is likely to endanger the child's physical or emotional health or impair his emotional development, the court may restrict visitation by the noncustodial parent as to time, place, duration, or supervision and may deny visitation entirely, as the circumstances warrant. The court shall consider the age of the child and the child's relationship with the noncustodial parent prior to the commencement of the proceeding. * * *

\*   \*   \*   \*   \*   \*

Subd. 5. The court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child, but the court shall not restrict a parent's visitation rights unless it finds that the visitation is likely to endanger the child's physical or emotional health or impair his emotional development.

Minn.Stat. § 518.175, subds. 1, 5 (1984). The father argues that the trial court failed to find that visitation would be "likely to endanger the child's physical or emotional health or impair [her] emotional development."

■ The court required the father to submit to "intensive psychotherapy by competent experts in the field of intrafamilial abuse" prior to any further consideration of his visitation status. Although permitted by statute, a complete, contingent or temporary denial of visitation is a grave matter and warranted only by endangerment of a child's physical or emotional health or development. The evidence of repeated and extreme sexual abuse in this case supports the trial court's restriction of visitation. This level of physical and emotional endangerment requires a sensitive and cautious balancing of the child's need to continue and maintain the parental relationship with the paramount need for safety. Two experts testified on the issue of visitation. One testified that in her opinion there should be no visitation at all until the father completed a program of therapy because any contact between the father and

the child would be traumatic to the child. Even the father's expert recommended that visitation be limited and supervised.

The father argues that the court abused its discretion by declining to consider resuming visitation until he has *completed* intensive rehabilitation. His reading of the order is too restrictive; the order requires that he *undergo* the treatment before consideration of visitation. At oral argument the father stated that he is involved in therapeutic counseling. The mother and the child are also involved in therapy. Monitoring the therapeutic progress is essential for the court in continuing to evaluate visitation needs. If the best interests of the child support a reopening of visitation, proper motion may be made to the trial court. We are satisfied that the court has handled this case with the gravity that the circumstances warrant. We find that the trial court's decision was not clearly erroneous and must be upheld. *See Griffin v. Van Griffin*, 267 N.W.2d 733, 735 (Minn.1978).

## DECISION

The trial court did not err when it admitted expert testimony of the child's out-of-court statements regarding sexual abuse and when it declined to consider modification of the visitation order until appellant underwent intensive psychotherapy.

Affirmed.