**In Re the Marriage of Ruth Ellen GREGORY, Petitioner, Respondent,**

v.

**Eddie GREGORY, Appellant.**

**No. C6–86–2008.**

Court of Appeals of Minnesota.

June 30, 1987.

---

Ruth Ellen Gregory, pro se.

Stanley H. Nathanson, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., STONE* and MULALLY, JJ.,* with oral argument waived.

## OPINION

BRUCE C. STONE, Judge.

This appeal is from a dissolution judgment and decree. After placing custody of the minor child with respondent Ruth Gregory, a decision appellant Eddie Gregory does not contest, the court ordered appellant's visitation rights exercised under supervision. We affirm.

## FACTS

The parties were married on August 14, 1981. They have one child, Lisa Lee Gregory, born on February 4, 1982.

Respondent Ruth Gregory served a dissolution petition in January 1986, seeking custody subject to reasonable visitation. Appellant Eddie Gregory served an answer and counter-petition seeking joint legal custody, with sole physical custody in Ruth, subject to reasonable visitation.

A hearing on temporary relief was held March 25, 1986. Following an agreement between the parties, Ruth was awarded temporary custody, subject to reasonable visitation. The parties were ordered "to

* Acting as judge of the Court of Appeals by appointment pursuant to Minn.Const. art. 6, § 2.

cooperate with visitation mediation with Anoka County Court Services."

At the first mediation session, Eddie told the mediation counselor he wanted summer months with Lisa in his native Oklahoma or nothing. Ruth indicated she could not agree to this, and Eddie left the mediator's office. The parties tried mediation again in July 1986, but Eddie again insisted on the two-month out-of-state summer visitation.

Ruth testified to two incidents that caused her to suspect sexual abuse. The first was an indication of sexual experience volunteered by Lisa. The second was an incident in which she found Eddie in bed with the child. Eddie testified the child came to him frightened and he had gone to her bed to calm her.

Ruth testified Eddie had a bad temper, and cited several instances when he threatened her. One of these incidents occurred during the July mediation session when she brought up the sexual abuse allegations and he said if she brought them up in court he would kill her. Ruth also testified that Eddie had threatened her once by sharpening a knife while they argued, slammed her refrigerator into the wall, and broke windows in her house. Eddie testified his outbursts were provoked by Ruth. As to specific incidents, he stated he was cutting a hangnail with the knife and helping Ruth to move the refrigerator. He testified he broke the windows in order to force her to start a divorce proceeding. He stated he was willing to accept visitation mediation, but would not cooperate with supervision of visits.

The court ordered visitation mediation, and, until otherwise recommended, supervised visitation. Visitation was ordered supervised by Phyllis Jacobson, Ruth Gregory's mother, who had been caring for the child during the day.

## ISSUES

1. Did the trial court abuse its discretion by ordering supervised visitation?

2. Is a remand required for a finding that unsupervised visitation would likely endanger the child?

3. Did the court abuse its discretion in failing to order compensatory visitation?

## ANALYSIS

### I.

 The trial court has extensive discretion in deciding questions relating to visitation. *Manthei v. Manthei,* 268 N.W.2d 45 (Minn.1978). The ultimate test to be applied is the best interests of the child. *Shepard v. Shepard,* 352 N.W.2d 42, 46 (Minn.Ct.App.1984). *See* Minn.Stat. § 518.175.

The trial court ordered supervised visitation, until otherwise recommended, based on the alleged threat to abduct the child, and the possibility of physical or sexual abuse. We cannot say the court's finding of a threat of abduction is adequately supported by the record, although the court could have inferred, from Eddie's lack of cooperation and his insistence on out-of-state visitation, that abduction was likely. The court made no finding on the alleged sexual abuse.

 The statute requires only a likelihood that the child's physical or emotional health will be endangered by unrestricted visitation. Minn.Stat. § 518.175, subd. 1 (1986). This was shown by Eddie's violent tendencies, his threat to harm the child's mother, and his position on visitation. By insisting on out-of-state visitation, Eddie has forfeited any claim to more extensive visitation which could have been achieved through mediation. The trial court did not abuse its discretion in finding supervised visitation was in the child's best interests.

### II.

The visitation statute provides as follows:

In all proceedings for dissolution or legal separation, * * * the court shall, * * * grant such rights of visitation as will enable the child and the noncustodial parent to maintain a child to parent relationship that will be in the best interests of the child. If the court finds, after a hearing, that visitation is likely to endanger the child's physical or emotional

health or impair the child's emotional development, the court may restrict visitation by the noncustodial parent as to time, place, duration, or supervision and may deny visitation entirely, as the circumstances warrant.

Minn.Stat. § 518.175, subd. 1. The trial court made no finding that unrestricted visitation would likely endanger the child.

This court has noted the failure of trial courts to make a finding of endangerment to support visitation restrictions, but has not reversed on that ground. *See Shepard v. Shepard*, 352 N.W.2d 42, 45 (Minn.Ct. App.1984) (finding of a threat to keep the child after summer visitation not supported by the record); *Clark v. Clark*, 346 N.W.2d 383, 386 (Minn.Ct.App.1984) (no grounds for a finding of endangerment). Here, there are grounds for a finding of likely endangerment, as discussed above.

■ While we would have preferred more precise findings, it is reasonably to be found from the four corners of the court's order that threats of harm and of possible removal from the state justify the findings of the trial court, and that the best interests of the child currently require visitation supervision by Anoka County Court Services. After a suitable cooling-off period, and if the circumstances have changed, a more liberal visitation schedule may be fashioned—one that will protect the child and also accord the father a better line of communication.

While we could remand for a finding of likely endangerment, we decline to do so in the interests of judicial efficiency and avoiding unnecessary cost to the litigants.

### III.

■ Eddie contends the trial court abused its discretion by failing to order compensatory visitation. We disagree.

Minn.Stat. § 518.175, subd. 6 (1986) provides:

> **Compensatory visitation.** If the court finds that the noncustodial parent has been wrongfully deprived of the duly established right to visitation, the court shall order the custodial parent to permit additional visits to compensate for the visitation of which the noncustodial parent was deprived.

The order for temporary relief placed temporary custody with Ruth subject to reasonable visitation. The parties were ordered to cooperate with visitation mediation with Anoka County Court Services.

Eddie failed to cooperate with mediation as ordered by the court. As a result, a visitation schedule could not be mediated, and his visitation rights remained indetermined. Since no "type and duration" of visitation was ever established, the court could not determine what compensatory visitation to award him. *See* Minn.Stat. § 518.175, subd. 6(1). Moreover, he could not be "wrongfully deprived" of visitation when no visitation schedule was established, due to his own lack of cooperation. *Id.* at subd. 6.

### DECISION

The trial court did not abuse its discretion in ordering supervision of visitation. There was no abuse of discretion in failing to order compensatory visitation.

Affirmed.