524 N.W.2d 24 (1994)
In re the Marriage of J.A.S., Petitioner, Respondent,
v.
R.J.S., Appellant.
No. C1-94-874.
Court of Appeals of Minnesota.
November 15, 1994.
*25 Peter H. Watson, Peter H. Watson & Associates, Minneapolis, for respondent.
Jane Van Valkenburg, Arnold & McDowell, Minneapolis, for appellant.
Considered and decided by PARKER, P.J., and KALITOWSKI and JONES, JJ.

OPINION
PHYLLIS G. JONES, Judge.[*]
R.J.S. appeals the district court's denial of his motion for visitation, contending there is inadequate evidence of endangerment to support the adjudication. We reverse and remand.

FACTS
The parties, appellant R.J.S. and respondent J.A.S., were divorced in November 1991 after an 11-year marriage. Respondent was granted physical custody of A.S., born September 9, 1985, and appellant exercised visitation regularly through August 1992, when *26 he was notified by a police officer that his visitation had been suspended because of allegations of his sexual abuse of A.K., respondent's daughter of a prior marriage born in 1975.
The referee heard the testimony of the parties, A.K., and family friends. The referee also reviewed, in camera, A.K.'s and A.S.'s medical records and the deposition of a psychologist. The referee allowed appellant's counsel to examine the records at the hearing, but counsel was not permitted to share that information with his client. The court denied use of the records in cross-examination of any witness. A.S., now age nine, did not testify, but respondent and others indicated she reacted negatively at the prospect of visitation with appellant. A.S. refuses to answer when asked if she has been abused.
The referee denied further visitation "until [there] is definitive proof available to the Court that the child, [A.S.], is equipped to accept Visitation without trauma." The district court adopted the referee's findings of fact and conclusions of law, and affirmed. Appellant challenges the district court's order.

ISSUES
1. Did the district court abuse its discretion in denying visitation?
2. Did the district court err in denying appellant's motion for appointment of a guardian ad litem?
3. Did the district court err in awarding respondent attorney fees and should respondent be awarded attorney fees for this appeal?

ANALYSIS
1. On appeal, a district court's visitation decision is reviewed for abuse of discretion. Berthiaume v. Berthiaume, 368 N.W.2d 328, 333 (Minn.App.1985). Minn. Stat. § 518.175, subd. 1 (1992) provides in pertinent part:
If the court finds, after a hearing, that visitation is likely to endanger the child's physical or emotional health or impair the child's emotional development, the court shall restrict visitation by the noncustodial parent as to time, place, duration, or supervision and may deny visitation entirely, as the circumstances warrant.
In D.A.H. v. G.A.H., 371 N.W.2d 1 (Minn. App.1985), pet. for rev. denied (Minn. Sept. 19, 1985), a case involving allegations of sexual abuse of a daughter by a father, the district court properly exercised its discretion in requiring the father's completion of a psychological rehabilitation program before further requests for visitation would be considered.
Conversely, in J.M.G. v. J.C.G., 431 N.W.2d 592 (Minn.App.1988), the district court's sua sponte transfer of custody and requirement of supervised visitation was an abuse of discretion because of the absence of evidence of abuse and endangerment of a child. Finally, in M.N.D. v. B.M.D., 356 N.W.2d 813 (Minn.App.1984) there was no abuse of discretion in the district court's limitation of visitation to four hours of supervised visits per month, where the evidence was sufficient to show that the child was endangered by the father.
In the present case, the district court made the following findings:
6. During [A.K.'s] treatment it was determined that [her] depression was directly related to sexual abuse by her stepfather, [appellant], over a period of years.
7. The daughter, [A.S.], became privy to this proceeding and part of her reaction to prospective Visitation with the father was fear.
* * * * * *
15. It is [respondent's] statement and that of the professionals that [A.S.'s] extreme behavior when the topic is discussed is spontaneous.
* * * * * *
26. The Court believes that it is in the best interest of [A.S.] that Visitation with her father continue to be withheld by Court Order.
27. The Court is unwilling to subject the child to direct contact when even the *27 prospect of such contact causes violent reaction.
The court then ordered:
1. Visitation between [R.J.S.] and [A.S.] shall continue to be arrested until further order of this Court.
2. Restoration of Visitation rights shall not occur until [there] is definitive proof available to the Court that the child, [A.S.], is equipped to accept Visitation without trauma.
Only limited sections of the medical, psychological and other confidential records considered by the district court have been provided to this court on appeal. No specific findings were made from such records. Without such findings, this court is without knowledge of the evidence presented. We therefore remand for the district court to make findings on this evidence.
Furthermore, nothing in the record indicates what consideration, if any, was given to provisions for rehabilitation of the father-daughter relationship through counseling, treatment, or supervised visitation. Findings must be provided in this area also.
2. Appointment of a guardian ad litem is governed by Minn.Stat. § 518.165 (1992):
Subdivision 1. Permissive appointment of guardian ad litem. In all proceedings * * * where custody or visitation of a minor child is in issue, the court may appoint a guardian ad litem * * *.
Subd. 2. Required appointment of guardian ad litem. In all proceedings * * * in which custody or visitation of a minor child is an issue, if the court has reason to believe that the minor child is a victim of domestic child abuse or neglect, as those terms are defined in sections 260.015 and 626.556, respectively, the court shall appoint a guardian ad litem.
In J.E.P. v. J.C.P., 432 N.W.2d 483 (Minn. App.1988), this court found that the district court had erred in failing to appoint a guardian ad litem where a daughter had alleged sexual abuse by her father, and expert opinions conflicted on the subject. We held that the district court had "reason to believe that abuse was occurring" because a criminal investigation had begun, the mother and a therapist described the abuse reported by the child, and the court had appointed an expert to investigate the occurrence of abuse. Id. at 487.
The evidence here consists of A.S.'s frightened, muted reaction to questioning, interpreted as fear of visitation with her father, and any inferences that can be drawn from A.K.'s allegations of abuse. There is at least a threshold level of circumstantial evidence, or "reason to believe" that A.S. may have been abused, or is subject to significant emotional trauma. Under these circumstances, the district court erred in not appointing a guardian ad litem under the mandatory language of section 518.165, subdivision 2.
3. The district court awarded respondent $3,700 in attorney fees for her costs in defending against appellant's motion for visitation. An award of attorney fees will not be reversed on appeal unless an abuse of discretion is demonstrated. Richards v. Richards, 472 N.W.2d 162, 166 (Minn.App. 1991). Attorney fees shall be awarded if necessary to assert a party's rights, if the fees will not exacerbate the litigation, and if the party seeking the fees lacks the means to pay for them, unlike the other party. Minn. Stat. § 518.14 (1992). The award of attorney fees at trial, however, was improperly based on information from the 1991 divorce decree. Current income information from the parties is necessary to determine whether appellant should pay fees to respondent. Because we have no current income information from the parties, respondent's motion for attorney fees for this appeal is denied.

DECISION
The district court erred in failing to make sufficient findings to support the indefinite suspension of visitation. We remand for specific findings from the medical and psychological information in this case regarding the evidence of sexual abuse and for appointment of a guardian ad litem. In considering visitation on remand, the district court shall take evidence on the potential impact of supervised visitation. The district court must consider *28 the parties' current incomes in reconsidering attorney fees.
Reversed and remanded.
NOTES
[*] Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.