Marie L. MANTHEI, petitioner,
Respondent,

v.

Howard A. MANTHEI, Appellant.

No. 47944.

Supreme Court of Minnesota.

May 5, 1978.

John L. Prueter, Minneapolis, for appellant.

Winter & Nelson, Glenwood, for respondent.

PER CURIAM.

Howard Manthei appeals from an order of the district court denying his motion for expanded visitation privileges with his two youngest children, an 11-year-old boy and a 6-year-old girl,[1] and providing instead that he have visitation rights with all of his minor children at the home of his ex-wife, respondent Marie Manthei. Appellant contends that the denial of his motion was based largely, if not solely, on his inability to make child support payments and that, because of the hostility between the parties, visiting the children at respondent's home will not give him any real opportunity to maintain a parental relationship with the children. We affirm the order.

■ Minn.St. 518.175, subd. 1, makes it clear that visitation rights are not absolute and are to be exercised only when in the best interest of the child and to the extent their exercise will be beneficial to the child.[2] Moreover, the discretion of the trial court in deciding questions relating to visitation is extensive. *Bryant v. Bryant*, 264 Minn. 509, 119 N.W.2d 714 (1963). In this case, the record does not support appellant's claim that the trial court's order was based

1. Appellant did not seek visitation with two teenage children.

2. Minn.St. 518.175, subd. 1, provides: "In all proceedings for dissolution, subsequent to the commencement of the proceeding and continuing thereafter during the minority of the child, the court may, upon the request of the noncustodial parent, grant such rights of visitation as will enable the child and the noncustodial parent to maintain such child to parent relationship as will be beneficial to the child. The court shall consider the age of the child and the child's relationship to the noncustodial parent prior to the commencement of the proceeding. The court may deny visitation rights to the noncustodial parent if such visitation is not in the best interest of the child. A parent's failure to pay support because of the parent's inability to do so shall not be sufficient cause for denial of visitation, unless such inability is willful."

on his inability to make the child support payments. Instead, it requires the conclusion that the trial court did not abuse its discretion in determining that the limited visitation rights granted were in the children's best interest.[3] This being true, the order is affirmed.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.

3. Since respondent professes to recognize that appellant should have reasonable opportunity for visitation under the challenged order, we are hopeful that the parties will cooperate to ensure appellant appropriate visitation with the children.