In re the Marriage of Karen Leona HAALA, petitioner, Respondent,

v.

Norbert Peter HAALA, Appellant.

No. C1–84–47.

Court of Appeals of Minnesota.

Sept. 4, 1984.

Terence M. Dempsey, Somsen, Dempsey & Schade, New Ulm, for respondent.

Patrick A. Lowther, Parris Law Offices, Ltd., Hector, for appellant.

Heard, considered, and decided by SEDGWICK, P.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Norbert and Karen Haala stipulated to a dissolution settlement in 1982, which the court accepted and incorporated in the dissolution decree. The agreement allowed Norbert "liberal visitation" rights to his children. A separate provision awarded Karen the homestead but permitted Norbert the use of the sawmill and three outbuildings adjacent to the house. The dissolution decree incorporated the equivalent of a 15 year lease running to Norbert to maintain his sawmill operation.

In November, 1983 the parties sought to clarify Norbert's visitation rights. Karen requested that his visitation be limited to every other Wednesday evening and to every other Sunday. She also requested that Norbert be denied access to the sawmill because he used those visits as a pretext to harass her and the children. Norbert opposed these requests seeking more liberal visitation rights and use of the sawmill. In an order issued without findings, the court granted Karen's request. The court allotted only fifteen minutes for the hearing and three of Norbert's witnesses were not allowed to testify, although Norbert's attorney was allowed to summarize what their anticipated testimony would be. Norbert had no opportunity to cross-examine Karen or her witnesses, all of that testimony going in by way of affidavit.

Written findings of fact are not always mandatory in an order to modify visitation rights. *Hennessy v. Stelton,* 302 Minn. 550, 224 N.W.2d 926 (1974). However, the better practice, even in just visitation rights, is to incorporate specific findings as is mandated with custody modification. *See* Minn.Stat. § 518.18 (1982). Further with the substantial rights involved in this matter and the inadequate record basically restricted to conclusory affidavits, it is difficult to discern the basis for preventing Norbert's access to the sawmill with approximately 13 years of a 15 year lease left to run, and for limiting his visitation rights when the record does not show find-

ings pursuant to Minn.Stat. § 518.175, subd. 5 (1982). For that reason we remand for the further taking of testimony and express findings.

## DECISION

We reverse and remand.