In re the Matter of Cynthia A.
KUEBELBECK, Petitioner,
Respondent,

v.

Michael F. HUMPHREY, Appellant.

No. C0–86–1355.

Court of Appeals of Minnesota.

March 10, 1987.

Review Denied April 29, 1987.

Kristin Day, Burnsville, for respondent.

Patrice K. Sutherland, Inver Grove Heights, for guardian ad litem.

Michael F. Humphrey, pro se.

Considered and decided by CRIPPEN, P.J., and FOLEY and LANSING, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

This is an appeal of an August 1986 order that denied appellant Michael Humphrey's motion for unsupervised visitation of his minor children. The trial court determined supervised visitation should continue and visitation should be limited to two hours every three weeks, or as otherwise scheduled by Dakota County Social Services or the guardian ad litem. Appellant contends the trial court's order is in serious conflict with evidence on the best interests of the children. We affirm.

## FACTS

Appellant Michael Humphrey and respondent Cynthia Kuebelbeck are parents of three children, two sons (now ages eleven and six) and a daughter (age ten). In February 1984, the district court in Benton County entered judgment incorporating an agreement of the parties naming Hum-

phrey the father of the children and placing their custody with Kuebelbeck. Humphrey's visitation rights were detailed, including contacts every second weekend, one month each summer, and on various holidays.

Five months later, in July 1984, the same trial court suspended all visitation between Humphrey and his children based on a finding that Humphrey had "continuously engaged in a course of conduct vilifying [Cynthia Kuebelbeck] and diminishing her parental authority." The court made specific findings on Humphrey's damaging conduct, finally stating that "continued visitation between [Michael Humphrey] and the minor children is likely to endanger the physical and emotional health of the children and impair their emotional development."

The court ordered supervision of Humphrey's visitations by social service agency personnel, either in Benton County or Dakota County, Kuebelbeck's new place of residence. Among other conditions, the order required Humphrey to obtain a comprehensive psychological evaluation, to get any therapy recommended by the evaluation, and to cooperate with social service personnel in formulating a visitation schedule.

At least four subsequent court orders were filed in this case. In September 1984, the Benton County court denied Humphrey's motion to amend the July 1984 order and allow changes in custody and visitation. The judge concluded the previous order was "well sustained by the evidence."

In May 1985, the district court in Dakota County again denied Humphrey's motion for relief regarding visitation with his children. The court found Humphrey was engaged in a "contumacious course of conduct" toward Cynthia Kuebelbeck, the children, and the court by writing letters, renewing his motion, and failing to abide by the terms of the July 1984 order. The order does not make clear how Humphrey offended the prior order, but it implies that his psychological evaluation had not yet been completed. The evaluating psycholo-

gist had begun work with Humphrey in March 1985, and an evaluation report was submitted shortly after the July 1985 order.

After a January 1986 hearing before another judge, it was found that Humphrey had complied "minimally" with the requirements for being evaluated and receiving therapy services. The court noted Humphrey had developed an unpleasant relationship with public personnel, including judges, due to continuing blaming and harassment. The court appointed a guardian ad litem to represent the children and develop a proposed visitation schedule for the court's review. The court also ordered the children and Humphrey to undergo psychological evaluations, and provided that the July 1984 order "remain in full force and effect."

Finally, court instructions on visitation, proposed to be supervised, were requested by a June 1986 motion for Cynthia Kuebelbeck. Humphrey then renewed his motion for unsupervised visitation and other relief, and the guardian ad litem made a motion for continued supervision of visits. A hearing was held on July 8, 1986, and Humphrey made no appearance, either personally or by counsel. The court heard testimony of a social worker and of a psychologist selected by the court in April 1986 to do further evaluations.

The court found appellant had actively attempted to "thwart any attempts to establish a supervised visitation schedule that would be in the best interests of the minor children," had demonstrated his willingness to circumvent court orders (as indicated by unauthorized contact with his children), and had failed to initiate or participate in any individual counseling. The court found that:

> [Appellant] exhibits obsessive and distorted perceptions in regard to his relationship with the children. [D]uring supervised visits, [he] engages in harangues, using vulgar and manipulative language in his efforts to denigrate the Petitioner, Social Worker, and the Guardian ad Litem.

The court also found that unsupervised visitation between Humphrey and his children is likely to endanger the children's physical and emotional health and impair their emotional development. Accordingly, the court limited Humphrey's contacts with his children to two-hour supervised visits occurring every three weeks.

Looking ahead, the trial court found supervised visits could benefit Humphrey's relationships with his children, but that:

> should [Humphrey] utilize the supervised visits as an opportunity to harangue a captive audience, then such visits would be likely to endanger the physical and emotional health of the minor children and impair their emotional development.

Thus, the court authorized the guardian ad litem for the children to terminate visits in case it is found that they are "no longer enjoyable or beneficial to the children." The court stated that the July 1984 order "shall remain in full force and effect."

Humphrey appeals.

### ISSUE

Did the trial court err by continuing the supervised visitation schedule between appellant and his minor children?

### ANALYSIS

Noncustodial parents are entitled to visitation:

> as will enable the child and the noncustodial parent to maintain a child to parent relationship that will be in the best interests of the child. If the court finds, after a hearing, that visitation is likely to endanger the child's physical or emotional health or impair [the child's] emotional development, the court may restrict visitation by the noncustodial parent as to time, place, duration, or supervision and may deny visitation entirely, as the circumstances warrant. The court shall consider the age of the child and the child's relationship with the noncustodial parent prior to the commencement of the proceeding.

Minn.Stat. § 518.175, subd. 1 (1984). *See id.* § 257.541, subd. 2 (1984). Visitation rights are not "absolute" and can be exercised only when the child's best interests will be served. *Manthei v. Manthei,* 268 N.W.2d 45 (Minn.1978). We are to accord trial courts extensive discretion in deciding visitation issues. *Id.* The trial court cannot be reversed on appeal except for an abuse of discretion. *Id.* at 46.

Both the controlling statute and relevant appellate decisions require that the trial court consider the child's best interests when resolving a visitation dispute. *Clark v. Clark,* 346 N.W.2d 383, 385 (Minn.Ct. App.1984), *pet. for rev. denied,* (Minn. June 12, 1984). Factors indicating the best interests of a child are enumerated in Minn.Stat. § 518.17, subd. 1 (1984). These factors include the child's interrelationships with others, preferences of the child and parents, the health of the persons involved, and the capacity of each parent to give the child love and guidance. *Id.*

The trial court's findings are supported by competent evidence in the record, and the trial court considered the appropriate statutory factors. The court did not abuse its extensive discretion by restricting appellant's visitation.

The record shows that impatient and aggressive conduct of Humphrey has caused difficulty for his children and their mother and has destroyed determined efforts of others to help give these three children the advantages of a pleasant and meaningful relationship with each of their parents. The record shows visitations have been wrongfully used as a forum to denounce respondent and others. The evidence supports a court finding that the oldest son of the parties has been particularly troubled and confused by the ongoing conflict. The record also indicates possible aggravation of harm in light of Humphrey's stated intention to physically take his oldest son and fight any attempts to recover the child; because Humphrey did not attend the hearing, he has neither confirmed nor denied evidence of this statement. The evidence supports a further finding that Humphrey

has made no effort to get counseling, in contradiction of court orders. In sum, there is sufficient evidence to justify the trial court's finding that limited visitation is in the children's best interests. *See Clark*, 346 N.W.2d at 385–86; Minn.Stat. §§ 518.17, subd. 1, 518.175, subd. 1 (1984). *See also Rutten v. Rutten*, 347 N.W.2d 47, 51 (Minn.1984) (the trial court is in the best position to determine an appropriate visitation schedule). These facts support a cautious response by the trial court to severely restrict visitation contacts.

Outside of the current state of conflict over visitation, the record shows appellant is a mostly healthy, albeit somewhat impulsive and combative person, one who is "quick to anger" but who quickly recovers. In the past, he has been able to actively contribute to the daily care of his children. He is highly motivated to advocate the interests of persons in need, including his children. Caught in a crisis that he enlarges by his impatient responses, appellant evidently finds few can continue to patiently deal with him. Although some evidence suggests the control of actions and reactions involved in this family crisis will never be accomplished, others hold out hope for a remedy through counseling efforts. The evidence supports the trial court's emphasis on counseling or therapy services as the only perceived means to serve the interests of the children.[1]

### DECISION

The trial court did not commit reversible error by limiting Humphrey's visitation rights.

Because this court affirms the trial court's order, appellant's motions for an order awarding him temporary unsupervised visitation and his other requests (for clarification of the transcript, additional discovery, and dismissal of the guardian ad litem from the case) are denied.

Affirmed.

---

1. We note a current report that supervising personnel find it reasonable or necessary to refuse visits outside of regular business hours, a seemingly inflexible rule that conflicts with appellant's daytime commitment to a vocational training program. At the same time, the trial court has not been asked to approve a temporary suspension of all contact between the children and their father, even though appellant's refusal to cooperate with counseling efforts prevents the success of any present visitation, no matter how limited. So long as the father's parental contact with the children is not judicially terminated, the reasonableness of agency restrictions on visitation is a topic requiring the trial court's further attention.