In re the Marriage of Marilyn Louise ECKMAN, Petitioner, Respondent,

v.

Larry Delano ECKMAN, Appellant,

No. C3–87–629.

Court of Appeals of Minnesota.

Aug. 18, 1987.

Gary M. Hazelton, Duranske Law Offices, Bemidji, for respondent.

Shari R. Schluchter, Keyes & Faver Law Office, Bemidji, for appellant.

Heard, considered and decided by POPOVICH, C.J., and FOLEY and HUSPENI, JJ.

## OPINION

POPOVICH, Chief Judge.

This appeal is from an order modifying custody and the corresponding amended judgment. Appellant father claims the trial court abused its discretion in transferring custody of the parties' 16–year-old son to respondent mother because the court's findings are (1) unsupported by the evidence and (2) based on inadmissible evidence contained in respondent's affidavits. We affirm.

## FACTS

The marriage of appellant Larry Delano Eckman and respondent Marilyn Louise

Eckman was dissolved by a dissolution judgment entered November 20, 1985. Pursuant to the parties' stipulation, appellant was awarded custody of the parties' minor son, Larry Delano, Jr., born February 6, 1971.

In August 1986, respondent moved to change custody based on the minor son's preference to live with her. The court issued its order on October 23, 1986 denying respondent's motion pursuant to Minn.Stat. § 518.18(a) (1986). That statute provides a motion for a change of custody may not be made for a year after the initial custody order except when visitation is denied or the child's present environment endangers his physical or emotional health. The court found none of those conditions existed at that time and further explained:

> This court acknowledges the child's preference for his mother's home environment. That fact, however, does not necessarily imply that the boy's physical or emotional health is endangered or impaired in his father's home. In fact, he claims that he gets along well with his father and enjoys being with him. However, for a variety of reasons, he would prefer to live with his mother.
>
> Evidence was presented which would indicate that some problems have occurred relative to the [respondent's] visitation. It appears that [appellant] has caused some of these problems. This is regretable and [appellant] must understand that such conduct cannot occur in the future. However, these incidents have not occurred to such a degree as to justify a change of custody.
>
> Finally, it is this court's opinion that a change of custody might be warranted in the future. If another four or five months pass and Larry Jr. still wishes to reside with his mother, the court would strongly urge the parents to accede to his wishes. The court would strongly consider granting such a request should it again come before the court at that time. The court reaches this conclusion because of the age of this boy. He is old enough to have a significant say as to where he should reside. This is particularly true where there is no indication

that he is using the custody issue in any way to compromise parental control over him.

In January 1987, respondent again moved for a change of custody based upon all pleadings and documents previously filed with the court. On January 26, 1987, a hearing was held at which the parties and Larry Jr. testified. The day after the hearing, appellant received additional affidavits timely filed by respondent prior to the hearing. The affidavits included a diary kept by respondent recording appellant's interference with visitation. Larry Jr. also submitted an affidavit verifying the truth of the events detailed in the diary.

Appellant then requested a rehearing which was held in early February. Because of short notice, appellant was personally unable to attend, but objected to admitting the evidence presented in the recently received affidavits. Appellant also submitted an affidavit responding to each incident described in respondent's diary.

On March 3, 1987, the court granted respondent's motion to change custody. The court found:

> Larry Delano Eckman, Jr., is of suitable age and discretion to express a preference for the parent with whom he desires to reside, a significant change has occurred in the circumstances of the child, a change of custody is necessary to serve the best interests of the child, and that the change in circumstances endangers the child's emotional health and development * * *.

The court awarded respondent legal and physical custody of Larry Jr., subject to appellant's reasonable visitation rights. The court also ordered appellant to pay child support according to the child support guidelines. In an attached memorandum, the court further explained:

> The bottom line in this case is that this youth is sixteen years of age and wishes to live with his mother. There is no indication that he has anything against his father or that he is requesting a change of custody in order to play one parent against the other. It is this

court's opinion that under this type of circumstance the youth should be able to choose which parent with whom he will reside.

Following appellant's motion for amended findings or new trial, the trial court issued amended findings and an order for judgment. The court amended the November 20, 1985 dissolution judgment to include findings made in the March 3, 1987 order and additional findings which provide:

> The child's present environment is such that his interaction with his father and father's female friend is extremely limited resulting in isolation of the child and impaired emotional development;
>
> The child has expressed an extremely strong preference to reside with his mother;
>
> The child's mother, [respondent] Marilyn Eckman, desires that the child live with her and the court is satisfied that she is a fit and proper parent;
>
> The change in custody is necessary to provide the child with a more significant interaction and relationship with the child's family in general and close acquaintances and friends of the child.

The court also amended the custody provision of the original dissolution judgment to award respondent custody and require appellant to pay child support. The amended judgment was entered March 31, 1987. Appeal is made from the amended judgment and the March 3, 1987 order granting respondent's motion for change of custody.

### ISSUE

Are the trial court's findings regarding custody modification sufficiently supported by the evidence?

### ANALYSIS

■ 1. The trial court's findings will not be disturbed unless clearly erroneous and due regard will be given to the trial court's opportunity to judge credibility of the witnesses. Minn.R.Civ.P. 52.01.

> When examining the record, we must view the evidence in the light most favorable to the court's findings. Regard for

court findings is paralleled by recognition of its broad discretion in custody decisions.

*Rinker v. Rinker,* 358 N.W.2d 165, 167–68 (Minn.Ct.App.1984) (citations omitted).

2. Minn.Stat. § 518.18(d) (1986) governs custody modification one year after entry of the dissolution decree.

> Under this provision, the petitioner has the burden of proving a significant change of circumstances. In order to find such a change in circumstances, the trial court must make specific findings that
>
> (1) a significant change in the circumstances of the child or the custodian occurred since the prior order;
>
> (2) the modification of custody serves the child's best interests; and
>
> (3) the child's present environment endangers the child's health or impairs his or her emotional development, and the harm likely to be caused by the change in custody is outweighed by the advantages of the change.

*Gustafson v. Gustafson,* 376 N.W.2d 290, 292 (Minn.Ct.App.1985) (citations omitted).

3. *Change In Circumstances*

■ We find sufficient evidence to support the trial court's finding regarding significant change in circumstances in this case. Although appellant claims the parties' testimony indicates no change in circumstances occurred since the October 23, 1986 order, the court then observed changed circumstances since the November 1985 dissolution and reserved the issue for future consideration should the circumstances continue.

The primary change in circumstances the court observed in October 1986 properly included Larry Jr.'s preference to live with respondent. *See Auge v. Auge,* 334 N.W.2d 393, 396 (Minn.1983) (court's findings in custody adjudication should include consideration of relationships between the child and each parent, and the child's preference, where appropriate). We especially agree with the court's statements encouraging the parties' cooperation to independently accede to Larry Jr.'s wishes, particu-

larly given Larry Jr.'s age and no showing he is manipulating custody to compromise parental control.

### 4. *Child's Best Interests*

■ Appellant claims the evidence does not support the trial court's finding a change of custody is *necessary* to serve Larry Jr.'s best interests. *Leyh v. Stelzer*, 398 N.W.2d 63, 66 (Minn.Ct.App.1986). Appellant specifically argues the evidence is insufficient to justify interrupting the continuity and stability of his current home.

The evidence shows, however, by living with respondent Larry Jr. will be residing in a home to which he is accustomed and attending the same school. Testimony from both respondent and Larry Jr. supports the court's finding a change in custody is necessary to provide Larry Jr. "with a more significant interaction and relationship with the child's family in general and close acquaintances and friends of the child."

■ Appellant also argues the evidence does not support the trial court's finding Larry Jr. expressed an "extremely strong preference" to live with respondent because Larry Jr. testified in a closed courtroom that if respondent is not granted a change of custody, he would be satisfied to live with appellant. The trial court, however, independently questioned Larry Jr. and acted within its discretion in determining the degree of his preference. We therefore find sufficient evidence to support the trial court's finding a change in custody is necessary to serve Larry Jr.'s best interests.

### 5. *Child's Environment*

■ Appellant claims the evidence does not support the trial court's finding Larry Jr.'s present environment endangers his emotional health and development. He argues the endangerment must be *actual*. *Meier v. Connelly*, 378 N.W.2d 812, 816 (Minn.Ct.App.1985). Appellant specifically challenges the trial court's finding Larry Jr.'s present environment is such that "his interaction with his father and father's female friend is extremely limited resulting in isolation to the child and impaired emotional development."

The evidence, however, supports this finding. Larry Jr. testified he was often left alone and lonely. In contrast, he testified he felt more included in respondent's home environment. Forcing Larry Jr. to stay in a more isolated environment when he prefers and needs more interaction shows actual emotional impairment. We therefore conclude the evidence supports the trial court's finding Larry Jr.'s present environment endangers his emotional health and development.

■ The trial court did not make a specific finding regarding the harm caused by a change in environment weighed against the advantages of a custody change. Appellant argues this is reversible error. We disagree. The balancing test in this particular case is implicit in both the court's findings regarding Larry Jr.'s best interests and endangerment of his emotional health and development. The evidence sustaining each of those findings supports the more weighty advantages of a custody change.

■ 6. Appellant claims the trial court improperly considered respondent's diary detailing visitation interferences. Appellant argues respondent's statements were replete with hearsay and lack personal knowledge.

Regardless of appellant's argument, the trial court's March 1987 findings are separately supported by testimony and prior affidavits and do not reflect consideration of the evidence at issue.

### DECISION

The evidence supports the trial court's findings regarding custody modification pursuant to Minn.Stat. § 518.18(d). The trial court therefore did not abuse its discretion by granting respondent's motion to change custody where 16–year-old son expressed a preference to be with his mother.

Affirmed.