**In Re the Marriage of Wesley LILLEBOE, Petitioner, Appellant,**

**v.**

**JaNet LILLEBOE, Respondent.**

**No. C3-89-1980.**

Court of Appeals of Minnesota.

April 3, 1990.

**722**

Lance R. Heisler, Staples, for appellant.

Michael S. Brouse, Fosston, for respondent.

Considered and decided by RANDALL, P.J., and FOLEY and GARDEBRING, JJ.

## OPINION

GARDEBRING, Judge.

Appellant Wesley Lilleboe moved for modification of a prior custody order awarding custody of his two daughters to his former wife, respondent JaNet Cloud. The motion was based upon allegations of interference with visitation and child abuse. Minn.Stat. § 518.18 (1988). The trial court awarded Wesley specific visitation rights but denied his request for an evidentiary hearing.

Wesley appeals, contending he presented sufficient evidence to require an evidentiary hearing in order to determine whether the children's present environment endangers their well-being and whether modification of the custody order is necessary to serve the girls' best interests. We reverse and remand.

## FACTS

The parties' marriage was dissolved in North Dakota on March 13, 1984. JaNet was awarded sole legal and physical custody of their two daughters, R.L.L., currently age 14, and R.A.L., currently 10 years old. Wesley was awarded reasonable visitation rights; nevertheless, JaNet restricted Wesley's visitation to once per month and has intermittently denied visitation since November 1988. JaNet married Roger Cloud in June 1988.

In November 1988, Wesley moved for an evidentiary hearing on the issue of the

need for modification of the prior child custody order. The motion was supported only by Wesley's affidavit. The trial court denied his motion.

On April 12, 1989, Wesley filed a second motion for child custody modification, requesting an evidentiary hearing. He also moved for specific visitation rights. This motion was accompanied by several affidavits and letters, including letters from respondent's two sisters, alleging specific incidents of physical and emotional abuse committed by JaNet and Roger Cloud against the two girls, and deterioration of their emotional state. The motion was also supported by an affidavit of the oldest child, alleging excessive physical punishment, fear of her stepfather, and a desire to live with Wesley. A supporting psychologist's report also concluded that the girls were in immediate danger of both physical and emotional harm and that they should not be returned to JaNet's home.

The trial court denied Wesley's motion for an evidentiary hearing but awarded him detailed visitation rights. The order memorandum notes that the claims of abuse "initially appear to be serious but remain unsupported and unconfirmed by independent investigation. Medical substantiation is totally absent." Wesley now appeals.

## ISSUE

Did the trial court err in denying Wesley's motion for an evidentiary hearing?

## ANALYSIS

If a change has occurred in the circumstances of the child or the custodian, and if modification is necessary to serve the best interests of the child, a trial court may modify a prior custody order. Modification is appropriate when:

> The child's present environment endangers the child's physical or emotional health or impairs the child's emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

Minn.Stat. § 518.18(d)(iii) (1988).

Appellate review of custody determinations is limited to whether the trial court abused its discretion by making findings unsupported by the evidence or by improperly applying the law.

*Pikula v. Pikula,* 374 N.W.2d 705, 710 (Minn.1985).

■ A trial court may refuse to modify a child custody order without holding an evidentiary hearing if the affidavits accompanying the motion do not satisfactorily establish, on a preliminary basis, that there has occurred a significant change in circumstances which endangers the child's physical or emotional health or emotional development. *Nice–Petersen v. Nice–Petersen,* 310 N.W.2d 471, 472 (Minn.1981); *Itasca County Social Services ex rel. Hall v. David,* 379 N.W.2d 700, 703 (Minn.Ct. App.1986). If sufficient evidence exists to warrant consideration of a modification order, the court must order an evidentiary hearing in which witnesses may be cross-examined. *Taflin v. Taflin,* 366 N.W.2d 315, 320 (Minn.Ct.App.1985).

Wesley contends the affidavits and letters accompanying his motion sufficiently establish a significant change in circumstances. His allegations are based upon the girls' communication of fear of Roger Cloud, excessive discipline by JaNet, dissatisfaction with their home life, and preference to live with Wesley, as well as upon third-party observations that the girls have become insecure and withdrawn.

■ Factors constituting a significant change in circumstances are determined on a case-by-case basis. *See Myhervold v. Myhervold,* 271 N.W.2d 837 (Minn.1978) (numerous visitation problems and deteriorating relationships between the children and family members); *Eckman v. Eckman,* 410 N.W.2d 385 (Minn.Ct.App.1987) (sixteen-year-old's preference to live with noncustodial parent); *Wilkus–Schmidt–Hight v. Wilkus,* 398 N.W.2d 44 (Minn.Ct. App.1986) (sudden exhibition of behavioral changes).

■ Necessary support for an evidentiary hearing must also include a showing that the children's present environment endangers their physical or emotional health or emotional development. Wesley asserts

**724**

that this criterion is met by allegations of abuse, the girls' fear of JaNet and Roger Cloud, the noticeable change in the children's attitude and behavior, and JaNet's consistent denial of visitation rights.

A finding of present endangerment must be based on the particular facts of each case. Allegations of abuse, physical or emotional, have been held to endanger a child's well-being. *See, e.g., Kimmel v. Kimmel,* 392 N.W.2d 904, 908 (Minn.Ct. App.1986), *pet. for rev. denied* (Minn. Oct. 29, 1986); *Corwin v. Corwin,* 366 N.W.2d 321, 324–25 (Minn.Ct.App.1985). Fear of the custodial parent and her spouse is also a recognized sign of present endangerment. *See, e.g., Clark v. Bullard,* 396 N.W.2d 41, 45 (Minn.Ct.App.1986); *Johnson v. Lundell,* 361 N.W.2d 125, 127 (Minn. Ct.App.1985) (inappropriate punishment). Other recognized indications of danger to a child's well-being and development include poor school performance and behavioral problems, *Kimmel,* 392 N.W.2d at 908, and consistent denial of visitation, *Clark,* 396 N.W.2d at 44.

■ Trial courts are admonished to pay special attention to cases where allegations are made of present endangerment to a child's health or emotional well-being. Evidentiary hearings are strongly encouraged in these circumstances to protect the best interests of the child. In the present case, Wesley alleged specific facts which, if true, may establish a significant change in circumstances which endangers the child's physical or emotional health or emotional development. The best interests of the children require an evidentiary hearing in this matter and the trial court erroneously denied Wesley's motion.

### DECISION

We reverse the trial court's denial of Wesley's motion and remand the case for an evidentiary hearing wherein witnesses may be cross-examined and credibility evaluated.

Reversed and remanded.