**In re the Marriage of Kimberly C. MORAVICK, Petitioner, Appellant,**

**v.**

**Joseph S. MORAVICK, Respondent.**

**No. C3–90–1144.**

Court of Appeals of Minnesota.

Oct. 23, 1990.

Geri L. Napuck, Brooklyn Center, for appellant.

Blair F. Sheire, St. Paul, for respondent.

Considered and decided by LANSING, P.J., and PARKER and LOMMEN, JJ.

## OPINION

LOMMEN, Judge.*

Mother challenges the trial court's order reinstating father's visitation rights. We reverse and remand.

## FACTS

The marriage of appellant Kimberly Moravick (mother) and respondent Joseph Moravick (father) was dissolved on May 18, 1982. The dissolution decree was subse-

* Acting as judge of the Court of Appeals by ap-    pointment pursuant to Minn. Const. art. VI, § 2.

quently amended and modified to award mother sole legal and physical custody of J.L.M. (daughter) and to substantially restrict father's visitation rights.

On March 17, 1989, the trial court temporarily suspended father's visitation rights upon finding that visitation was likely to endanger daughter's physical or emotional development. On September 22, 1989, the trial court ordered the Moravicks to attend individual and family counseling. Father's visitation rights would be restored when daughter's counselor determined visitation could be accomplished safely.

Six months later, father moved for reinstatement of visitation. Daughter's counselor recommended that daughter continue individual counseling before visitation resumed. On April 6, 1990, the trial court reinstated father's visitation rights, effective July 1, 1990, and ordered mother to pay $300 towards father's attorney fees. Mother now appeals.

## ISSUES

1. Did the trial court err by reinstating father's visitation rights?

2. Did the trial court err by ordering mother to pay $300 towards father's attorney fees?

## ANALYSIS

1. *Visitation*

█ Trial courts have broad discretion in deciding visitation issues. *Manthei v. Manthei*, 268 N.W.2d 45, 45 (Minn.1978). The trial court's decision will not be reversed absent a clear abuse of discretion. *Hennessy v. Stelton*, 302 Minn. 550, 550, 224 N.W.2d 926, 927 (1974).

█ The September 22, 1989 order made restoration of father's visitation rights contingent upon a determination by daughter's counselor that visitation could be accomplished safely. No such determination was made. Therefore, father's motion to reinstate visitation rights is a motion to modify the March 17, 1989 order denying visitation rights. The trial court is required to determine whether modification would serve the best interests of the child. Minn.Stat. § 518.175, subd. 5 (Supp.1989). The trial court failed to make particularized findings of fact determining daughter's best interests. Minn.R. Family Ct.P. 7.05. We reverse the order reinstating father's visitation rights and remand for an evidentiary hearing to determine daughter's best interests.

2. *Attorney Fees*

█ Father produced no evidence that he lacks financial resources to pay his attorney fees. Minn.Stat. § 518.14 (1988). The trial court erred by ordering mother to pay $300 towards father's attorney fees.

## DECISION

The trial court failed to make particularized findings of fact determining daughter's best interests. We reverse the order reinstating father's visitation rights and remand for an evidentiary hearing to determine daughter's best interests. We also reverse the order requiring mother to pay $300 towards father's attorney fees.

Reversed and remanded.