In re the Marriage of Lynne Marie
COUREY, Petitioner,
Respondent,

v.

Marc Watson COUREY, Appellant.

In re the Visitation of P.T.C. and D.P.C.

Sam T. COUREY and Barbara Courey,
Petitioners, Appellants
(C7–94–1348),

v.

Lynne M. COUREY, Respondent,

Marc Watson Courey, Appellant
(C4–94–1310), Respondent (C7–94–1348),

Hennepin County Child and Family
Services Department Child Pro-
tection Intake, Respondent.

Nos. C4–94–1310, C7–94–1348.

Court of Appeals of Minnesota.

Nov. 22, 1994.

Marc Kurzman, Kurzman, Grant & Ojala, Minneapolis, for Marc Watson Courey.

Colleen A. Harris–Pearson, Courey, Albers & Gilbert, P.A., Minneapolis, for P.T.C. and D.P.C., Sam T. Courey and Barbara Courey.

Michael O. Freeman, Hennepin County Atty., M.G. Heaney, Assistant County Atty., Minneapolis, for Hennepin County Child and Family Services Dept., Child Protection Intake.

Considered and decided by LANSING, P.J., and KLAPHAKE and MANSUR, JJ.

## OPINION

KLAPHAKE, Judge.

Appellant Marc W. Courey (the father) and his parents, appellants Sam T. and Barbara L. Courey (the grandparents), filed separate motions pertaining to visitation with the father's two minor children. A family court referee issued an order suspending the father's visitation and granting the grandparents supervised visitation. This appeal is from the district court's affirmance of the referee's order.

On appeal, the father and grandparents argue that the district court's findings are unsupported by the record and that they were entitled to an evidentiary hearing before their visitation with the children was restricted. We agree, and reverse and remand for further proceedings consistent with this opinion.

## FACTS

The father and mother were divorced in November 1993. They have joint legal custody of their six-year-old son and three-year-old daughter. Under an amended judgment and decree, the mother has sole physical custody subject to the father's right of reasonable and liberal visitation. The accompanying visitation schedule allowed the father visitation with the children every other weekend and at least one additional day per week.

In February 1994, the children's daycare provider reported to Hennepin County Child Protection (Child Protection) that she suspected the father had sexually abused his

Nancy Murphy–Robinson, Bloomington, for Lynne Marie Courey.

daughter. Child Protection thereafter told the mother that the father and grandparents should have no contact with the children during its investigation of the alleged abuse. Child Protection warned the mother that if she permitted such contact, it would place the children in foster care.

In early March 1994, the grandparents petitioned for visitation. The father brought a separate motion to enforce his visitation rights, or in the alternative, to grant him supervised visitation during the pendency of the child abuse matter. The visitation matters were consolidated, referred to a family court referee, and scheduled for a hearing.

Prior to the hearing, Child Protection informed the parents that it had concluded the father had sexually abused the daughter. Child Protection recommended that the father have no contact with the children until he entered a treatment program, and that the grandparents have only supervised contact with the children.

A hearing [1] was held at which the parties presented oral arguments. No testimony was taken. Thereafter, the referee issued findings, including the following:

9. Minnesota Statute Section 518.175, Subdivision 5, states that visitation may be restricted if it is likely to endanger the child's physical or emotional development. Here sexual abuse of [the daughter] has been investigated and substantiated by Child Protection. The children must be protected as much as possible from the fallout of the sexual abuse and any resulting criminal investigation and charges. To that end, the Court will suspend [the father's] visitation with the minor children until he has enrolled in treatment for his sexual behavior and until such visitation is

approved by the guardian ad litem and the children's therapist. The grandparents will initially be required to have their visitation with the children supervised. Supervised visitation will continue until unsupervised visitation is approved by the guardian ad litem and the children's therapist.

The referee further ordered that the father and grandparents pay $1,000 to the mother "as and for attorney's fees related to this proceeding."

The father and grandparents filed notices of review of the referee's order, in which they requested an evidentiary hearing and challenged the referee's findings as unsupported by the record. The district court affirmed the referee's order, and these appeals followed.[2]

## ISSUES

I. Did the district court abuse its discretion in restricting visitation without an evidentiary hearing?

II. Did the district court abuse its discretion in affirming the referee's award of $1,000 in attorney fees to the mother?

III. Is the mother entitled to attorney fees in connection with this appeal?

## ANALYSIS

### I.

 The determination and enforcement of visitation rights are questions of law. *Simmons v. Simmons,* 486 N.W.2d 788, 790 (Minn.App.1992). Other questions relating to visitation, however, are generally left to the broad discretion of the trial courts. *See*

1. On the day of the hearing, the father was served with an ex parte Order to Show Cause and Temporary Order for Protection in a separate domestic abuse proceeding filed by the mother on her and the children's behalf. Following issuance of the referee's order in this case, however, the mother voluntarily dismissed her domestic abuse petition.

2. After this appeal was filed, the father moved to immediately reestablish normal, unsupervised visitation between him and the children. The father based his motion upon an expert's opinion that he did not need treatment and the district

court's dismissal of the criminal complaint which had been filed against him. The district court dismissed the criminal charges after it concluded that the daughter's statements lacked reliability and were inadmissible. In response to the father's motion, the referee has ordered that an evidentiary hearing be held. Pending that hearing, the referee has granted the father supervised visitation with his son, and contact with his daughter "in a therapeutic setting." We do not believe, however, that these developments affect our decision here.

*Manthei v. Manthei,* 268 N.W.2d 45, 45 (Minn.1978). Our review of these latter matters is limited to determining whether the trial court abused its discretion by making findings unsupported by the evidence or by improperly applying the law. *See Pikula v. Pikula,* 374 N.W.2d 705, 710 (Minn.1985) (sets out standard followed in custody cases).

### FATHER'S VISITATION

The order appealed from here modifies the visitation schedule in the amended judgment and decree. Modification of such an order is required "whenever modification would serve the best interests of the child." Minn.Stat. § 518.175, subd. 5 (1992). Restriction of visitation rights, however, must be accompanied by the court's finding that "the visitation is likely to endanger the child's physical or emotional health or impair the child's emotional development." *Id.* The statute further requires:

> If the custodial parent makes specific allegations that visitation places the custodial parent or child in danger of harm, *the court shall hold a hearing at the earliest possible time* to determine the need to modify the order granting visitation rights. The court may require a third party, including the county welfare board, to supervise the visitation or may restrict a parent's visitation rights if necessary to protect the custodial parent or child from harm.

*Id.* (emphasis added).

An order restricting visitation will not be upheld unless the trial court makes particularized findings on the reasons for restricted visitation and expressly finds that the children's best interests would be served. *See, e.g., Moravick v. Moravick,* 461 N.W.2d 408, 409 (Minn.App.1990) (modification of visitation reversed and remanded for evidentiary hearing where court failed to make particularized findings as to best interests of child); *Haala v. Haala,* 354 N.W.2d 121, 122–23 (Minn.App.1984) (modification decreasing visitation reversed and remanded because no findings made and no testimony allowed). In cases involving allegations of sexual abuse, evidentiary hearings are often necessary not only to protect the best interests of the child, but also to protect the noncustodial parent's visitation rights. *Cf. Lilleboe v. Lilleboe,* 453 N.W.2d 721, 724 (Minn.App.1990) (evidentiary hearing required on motion to modify custody, where moving party has made prima facie showing of change in circumstances which endangers child's physical or emotional well-being). Here, the district court's findings are based almost solely on Child Protection's recommendations. The father did not have an adequate opportunity to challenge those recommendations and otherwise be heard. We believe an evidentiary hearing is necessary to establish an adequate record for the bases of Child Protection's recommendations.

The mother insists that the father waived his right to an evidentiary hearing because he did not request one until he filed for review of the referee's order. We disagree. Minn.Stat. § 518.175, subd. 5 requires a hearing be held "at the earliest possible time" in cases involving allegations that visitation placed a child in danger of harm. In addition, the father believed he would receive a hearing in connection with the domestic abuse proceeding which the mother later dismissed. *See* Minn.Stat. § 518B.01, subd. 7 (Supp.1993). Under these circumstances, application of the equitable concept of waiver is not appropriate.

The mother further insists that a hearing was unnecessary because the district court merely "suspended" the father's visitation rights. A temporary suspension of a noncustodial parent's visitation rights may be appropriate pending a hearing if the court finds that the child is in immediate danger of harm. Minn.Stat. § 518.131, subd. 3(b) (1992). While the order in this case appears temporary in nature, it is still of indefinite duration, places severe restrictions on the father's visitation, and requires him to enroll in therapy. We believe it was an abuse of discretion to make such an order without concomitantly scheduling a hearing for "the earliest possible time." Minn.Stat. § 518.175, subd. 5.

### GRANDPARENTS' VISITATION

The grandparents' motion sought to establish visitation, not to modify or enforce

any existing rights. A court may grant visitation rights to grandparents "if it finds that visitation rights would be in the best interests of the child and would not interfere with the parent child relationship." Minn.Stat. §§ 257.022, subd. 2 & 518.175, subd. 7 (Supp. 1993).

During oral arguments, the grandparents' attorney advised this court that the grandparents recently have been allowed limited, unsupervised contact with the children. That contact, however, is still restricted because it is subject to approval by the children's therapist and the guardian ad litem.

The restrictions placed upon the grandparents' visitation are based upon Child Protection's recommendations. Absent an evidentiary hearing, there is little or no basis for those recommendations. A hearing is necessary to present and examine evidence on the necessity of these restrictions, not only for the protection of the grandparent's rights, but also for the sake of the children and the custodial parent. This hearing should be consolidated with the hearing on the father's visitation motion.

## II.

▮ The allowance of attorney fees in family court rests almost entirely in the discretion of the trial court. *Solon v. Solon,* 255 N.W.2d 395, 397 (Minn.1977). The court must find that the fees "are necessary for the good-faith assertion of the party's rights" and "will not contribute unnecessarily to the length and expense of the proceeding." Minn.Stat. § 518.14 (Supp.1993). The court must also find that the party from whom fees are sought has the means to pay them, and that the party to whom fees are awarded does not have the means to pay them. *Id.*

▮ In this case, the district court awarded $1,000 to the mother after finding that she "was placed in the position of having to expend attorney's fees to defend actions she was required to take by Hennepin County Child Protection, which actions were both appropriate and necessary to protect the minor children." The district court, however, made no specific findings that the father or the grandparents had the ability to pay that

sum, or that the mother was unable to pay. The award of $1,000 in attorney fees is therefore reversed and remanded for reconsideration. If attorney fees are warranted, the court's order must be accompanied by appropriate findings. *See Richards v. Richards,* 472 N.W.2d 162, 166 (Minn.App.1991).

## III.

▮ The mother has moved for attorney fees in connection with these appeals. A reviewing court may award attorney fees for expenses related to an appeal. *See* Minn. Stat. § 518.14 (Supp.1993) (fees "may be awarded at any point in the proceedings"). We believe that the mother is merely defending actions she was required to take by Child Protection. Therefore, we award her $750 in attorney fees.

## DECISION

The district court's decision affirming the referee is reversed. The matter is remanded for an evidentiary hearing. The award of $1,000 in attorney fees is reversed and remanded for reconsideration. The mother is awarded $750 in connection with this appeal.

**Reversed and remanded.**

LANSING, Judge (concurring in part and dissenting in part).

Three salient facts should determine this appeal. First, appellant did not request an evidentiary hearing when the parties initially appeared before the referee. Second, the district court has the discretion to require a third party to supervise visitation or to restrict visitation when there are specific allegations that visitation may place a child in danger of harm and the court believes it is necessary to protect the child. *See* Minn. Stat. § 518.175, subd. 5 (1992). Third, when the appellant, during the pendency of this appeal, brought a motion before the district court referee requesting an evidentiary hearing, the referee instructed the clerk of court to schedule an evidentiary hearing on the visitation issue at the earliest possible date and that hearing has been scheduled.

I agree with the majority's holding that appropriate findings must accompany the

award of attorneys' fees and that attorneys' fees should be allowed for the appeal. But I disagree that an appellate recasting of this case is necessary or helpful when the district court has already scheduled an evidentiary hearing.

MARTIN J. MANSUR, Judge (concurring specially).*

I respectfully concur. Although I share the dissent's concern about appellate recasting, I find it necessary and unavoidable under the facts and issues presented on appeal and addressed in our opinion.

The referee's finding number 9 is conclusory at best because the referee did not conduct an independent examination of the evidence supporting the sexual abuse allegation. This portion of the order merely "rubber stamps" the report of the child protection social worker. The nature of the hearing, at which no testimony was taken and for which no record exists, leads to the conclusion that the referee's order was intended to be an interim one, pending a hearing. This conclusion is supported by Minn.Stat. § 518.175, subd. 5 (1992), which states in relevant part: "[T]he court shall hold a hearing at the earliest possible time to determine the need to modify the order granting visitation rights."

The burden is on the court—not appellant—to schedule the hearing, the purpose of which is to ensure the best interests and welfare of the children. It is the court's failure to provide this forum that compels reversal. The events that have occurred, such as the issuance and subsequent dismissal of a criminal complaint against the father, and the fact visitation is now modified from the restrictions imposed by the referee's order, do not obviate the need for the hearing because the father has not been restored to the visitation rights afforded him in the decree.

This is not to say that dismissal of the criminal complaint should operate to reinstate automatically the father's visitation rights. The degree of proof required in criminal cases is significantly different from that required in civil and/or child custody and visitation cases. While continued court intervention may be necessary, it should be the result of an evidentiary hearing that complies with statutory mandate and a factually supported order of the court.

The concern here is for the rights of the children, parents and grandparents, and the fact that, nine months after the petitions for visitation were first filed, we still cannot say a hearing has been held as required.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn.Const. art. VI, § 10.