**Debra B. FOSTER on Behalf of J.B., petitioner, Respondent,**

**v.**

**Barbara J. BROOKS, Appellant.**

No. C1–95–2375.

Court of Appeals of Minnesota.

April 16, 1996.

Paul F. Wojciak, Hibbing, for Respondent.

Andy Borland, Sellman Law Offices, Hibbing, for Appellant.

Considered and decided by HARTEN, P.J., and HUSPENI, and PETERSON, JJ.

## OPINION

HUSPENI, Judge.

Following the parties' submission of written arguments, the district court granted the motion of respondent, the custodial parent, to modify the previously granted grandparent visitation in accord with the child's preference and the recommendations of the social worker and guardian ad litem. Appellant Barbara Brooks, the grandparent, challenges this motion on the ground that the district court failed to make the requisite findings and to hold an evidentiary hearing. Because we conclude that the court acted within its discretion in modifying visitation, we affirm.

## FACTS

Brooks is the mother of respondent Debra Foster and the grandmother of Foster's daughter J.B., age 12. Foster has custody of J.B.; J.B.'s father, Ricky Nelson, has visitation rights. In January 1993 the court issued an order giving Brooks the right to share up to 50 percent of Nelson's visitation time, i.e. every other weekend, a month in the summer, and alternate holidays. In December 1994, the court appointed a guardian ad litem for J.B.

In April 1995, the guardian ad litem reported that there was conflict between Brooks and Foster, that J.B. was experiencing stress because of this conflict, that Brooks was inflexible regarding visitation, that a less rigid visitation schedule would be preferable for J.B., and that it would be in J.B.'s best interest to remain with Foster and have her visitation schedule with Brooks modified. This report corroborated a social worker's report that Foster was doing a good job of raising J.B., that Nelson agreed Foster was doing a good job, that J.B. preferred to visit Brooks when J.B. chose rather than pursuant to a court order, that Brooks made derogatory remarks about Foster and her husband during J.B.'s visits, and that it appeared to the social worker that Brooks was initiating "much of what is happening with this case."

In July 1995, Foster moved for a modified visitation schedule. The court concluded that Brooks was entitled to visitation, but

that it was in J.B.'s best interest that the visitation be a set time and minimal in scope, and ordered visitation with Brooks from 10 a.m. to 6 p.m. on the third Sunday of each month.

## ISSUES

1. Did the district court abuse its discretion in modifying grandparent visitation without making the specific findings of fact required for modification of noncustodial parent visitation?

2. Did the district court abuse its discretion in modifying visitation without an evidentiary hearing?

## ANALYSIS

### Standard of Review

■ The trial court has extensive discretion in deciding visitation questions and will not be reversed absent an abuse of discretion. *Manthei v. Manthei*, 268 N.W.2d 45, 45–46 (Minn.1978).

### 1. Compliance with statutory requirements.

■ At issue in this case is Brooks's claim that the district court did not comply with the provisions of Minn.Stat. § 518.175, subd. 5 (1994), which provides in relevant part:

The court shall modify an order granting or denying visitation rights whenever modification would serve the best interests of the child. * * * [T]he court may not restrict visitation rights unless it finds that:

(1) the visitation is likely to endanger the child's physical or emotional health or impair the child's emotional development * * *.

Brooks alleges that in order to modify her visitation with J.B., the district court was required to find that visitation was likely to endanger J.B.'s physical or emotional health or impair her emotional development. We cannot agree. The statutory provision addressing Brooks's right to visitation with J.B.

is not Minn.Stat. § 518.175, subd. 5, but section 518.175, subd. 7 (1994), which states:

Subd. 7. **Grandparent visitation.** In all proceedings for dissolution or legal separation, after the commencement of the proceeding or at any time after completion of the proceedings, and continuing during the minority of the child, the court may make an order granting visitation rights to grandparents under section 257.022, subdivision 2.

Subdivision 7 was added to section 518.175 in 1988. Subdivisions 1–5 of this statute clearly address visitation by noncustodial parents.[1] We conclude that since there is a subdivision directed specifically to grandparent visitation, provisions included in the subdivisions only tangentially related to subdivision 7 cannot be engrafted onto it. Specific provisions of an act prevail over prior, general provisions. *State v. Corbin*, 343 N.W.2d 874, 876 (Minn.App.1984) (citing Minn.Stat. § 645.26, subd. 1 (1982)). This court "cannot supply that which the legislature purposely omits or inadvertently overlooks." *Id.* (quoting *Northland Country Club v. Commissioner of Taxation*, 308 Minn. 265, 271, 241 N.W.2d 806, 809 (1976)).

■ Review of the record demonstrates that the district court did consider the factors appropriate for grandparent visitation set forth in Minn.Stat. § 257.022, subd. 2 (1994). Visitation must be in the child's best interest and must not interfere with the parent-child relationship. *See Olson v. Olson*, 534 N.W.2d 547, 550 (Minn.1995) (construing the statute). The court noted in its memorandum:

It appears that during visitation, [Brooks] has repeatedly made derogatory remarks to the child about [Foster] and [Foster's] husband. It appears that these comments * * * cause stress for the child.

The Court finds that it is in the child's best interest that visitation with [Brooks] continue, but at a reduced level.

The district court also concluded that "[t]he best interests of the child require that the visitation [with Brooks] be a set time and be

---

1. Subdivision 6, added in 1986, provided compensatory visitation for noncustodial parents. The subdivision was revised in 1993 to provide compensatory visitation for all persons deprived of visitation.

minimal in scope." The court clearly considered the factors relevant to grandparent visitation and did not abuse its discretion in modifying visitation after that consideration.

### 2. The lack of an evidentiary hearing.

Brooks, relying on *Courey v. Courey,* 524 N.W.2d 469 (Minn.App.1994), also argues that the district court abused its discretion by modifying her visitation without an evidentiary hearing. Reliance on *Courey* is misplaced. *Courey* concerned grandparents who were restricted to supervised visitation due to a child protection recommendation. Because the grandparents had no opportunity to challenge this recommendation, this court remanded for an evidentiary hearing

> not only for the protection of the grandparent's rights, but also for the sake of the children and the custodial parent.

*Id.* at 473. The circumstances which mandated an evidentiary hearing in *Courey* are not present here. Brooks is not restricted to supervised visitation and there has been no unchallenged ex parte recommendation concerning her visitation. The district court did not abuse its discretion in modifying visitation without an evidentiary hearing.

### DECISION

We conclude that the modification of Brooks's visitation rights was made after a consideration of the appropriate factors and that no evidentiary hearing was required.

**Affirmed.**